# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERTO G. ROSSATTY,<br><br>    Petitioner,<br>v.<br>JANET NAPOLITANO, et al.,<br><br>    Respondents. | Case No. 11CV374-BTM (WVG)<br><br>**ORDER RE PETITION FOR HABEAS CORPUS** |

Petitioner seeks two forms of habeas relief: either (1) an order of release under *Zadvydas v. Davis*, 533 U.S. 678 (2001), or (2) an order directing Respondents to afford him a bond hearing under *Diouf v. Napolitano*, 634 F.3d 1081 (9th Cir. 2011). In his traverse, Petitioner properly concedes that *Zadvydas*-type relief is not available because Respondents have obtained travel documents and are prepared to immediately remove Petitioner once judicial proceedings are complete. *See Prieto-Romero v. Clark*, 534 F.3d 1053, 1063 (9th Cir. 2008).

Petitioner is also not entitled to a bond hearing under *Diouf*. Aliens who face a prolonged detention under 8 U.S.C. § 1231(a)(6) while challenging a removal order are entitled to a bond hearing unless removal is imminent. *Diouf v. Napolitano*, 634 F.3d 1081, 1091-1092 (9th Cir. 2011).[1]

---

[1] Respondents argue, because the Government filed a petition for rehearing en banc challenging the Ninth Circuit's decision in *Diouf*, and because the mandate has not yet issued, the holding in that case is not clearly binding law of the Circuit. The Court is not persuaded. As recognized by Respondents, the Ninth Circuit has previously held that its

On July 8, 2011, the Ninth Circuit denied in part and dismissed in part Petitioner's remaining petitions for review and held that the temporary stay of removal will terminate upon issuance of the mandate. *Rossaty v. Holder*, 11-70316, 11-71146 (9th Cir. July 8, 2011). The court summarily denied the consolidated petitions in part "because the questions raised are so insubstantial as not to require further argument." *Id.*

Docket entries indicate that Petitioner filed motions for reconsideration on July 25, 2011, August 18, 2011, and August 19, 2011. A mandate will issue within seven days of an order denying Petitioner's motions for reconsideration. Ninth Cir. R. 41-2. At that point, Respondents can immediately remove Petitioner.

Under these circumstances, the Court concludes that removal is imminent. The Ninth Circuit disfavors motions for reconsideration. Cir. Advisory Comm. Note to Rule 27-10. The court summarily denied Petitioner's remaining petitions and provided no indication that his claims raised close questions. Petitioner, in turn, does not assert that there is any likelihood that the Ninth Circuit will reconsider its order. *See* Dock. #15. Accordingly, Petitioner is not entitled to a bond hearing. Petitioner's habeas petition is **DENIED**.

**IT IS SO ORDERED.**

DATED: September 14, 2011

*[signature]*

Honorable Barry Ted Moskowitz
United States District Judge

---

opinions become binding precedent regardless of whether a mandate has issued. *See Hoeun Yong v. Ins*, 208 F.3d 1116, 1119 n.2 (9th Cir. 2000).